THE OAK CENTER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Oak Center v. Commissioner
Docket No. 5438-90
United States Tax Court
T.C. Memo 1990-633; 1990 Tax Ct. Memo LEXIS 703; 60 T.C.M. (CCH) 1438; T.C.M. (RIA) 90633; December 17, 1990, Filed *703 Respondent's motion to dismiss will be granted. George D. Humphreys, for the petitioner. ShelleyAnne Chang, for the respondent. FAY, Judge. FAY
*2070 MEMORANDUM OPINION This case was assigned to Special Trial Judge Buckley pursuant to the provisions of section 7443A(b) of the Code and Rules 180, 181, and 182. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. *2071 OPINION OF THE SPECIAL TRIAL JUDGE BUCKLEY, Special Trial Judge: This matter is before us on cross-motions by the parties. Each seeks to dismiss this case for lack of jurisdiction. Petitioner, a California corporation, contends that the statutory notice of deficiency is invalid because it *705 was not mailed to its "last known address" as required by section 6212(b). Respondent, on the other hand, argues that the notice of deficiency was properly mailed and the case should be dismissed because the petition to this Court was untimely. The issue for decision is whether respondent received "clear and concise notification" of a change in petitioner's last known address. Respondent, on June 30, 1989, mailed three notices of deficiency, two to petitioner at 2230 Loma Vista Drive, Sacramento, California, and the third to Mr. and Mrs. Foust, personally, at both 2230 Loma Vista Drive, Sacramento, California, and 202 Gold Hill Drive, Zephyr Cove, Nevada. Mr. Foust, president of petitioner, claims the notices to petitioner were not received from the IRS. In 1977, petitioner (sometimes hereafter The Oak Center) was incorporated under the laws of California. The Oak Center engaged in the business of leasing shopping center space to retail tenants. Its most recently filed Federal income tax return is for the fiscal year ended October 31, 1983. That return is marked as the corporation's "Final Return." (Whether actual liquidation and dissolution of The Oak Center was effectuated *706 in 1983, as contended by petitioner, is a substantive issue of dispute which we need not and do not reach in disposing of the motions now before us.) The corporate address listed for petitioner on the 1983 return was 2230 Loma Vista Drive, Sacramento, California (sometimes hereafter the Loma Vista address). Approximately 2 years after the corporation was formed, Mr. Oliver Q. Foust, acquired shares in petitioner. The division of ownership interests following Mr. Foust's acquisition is not divulged in the record. Suffice it to say, Mr. Foust owned a significant percentage of stock and became the company's president. Prior to July 1, 1987, Mr. Foust and his wife owned the office building located at the 2230 Loma Vista address. The building housed a number of professional offices, including Mr. Foust's accounting practice (the Accountancy Corporation) and related businesses. Remaining office space was leased to others by Mr. and Mrs. Foust. The Accountancy Corporation prepared petitioner's Federal income tax returns. On May 19, 1986, petitioner, through Mr. Foust as president, executed a Form 2848, "Power of Attorney and Declaration of Representative," and forwarded it to the *707 IRS. The Form 2848 named Mr. William P. Roscoe as attorney-in-fact to represent petitioner before the IRS and listed Mr. Roscoe's address at 7919 Folsom Road, Sacramento, California (hereafter the Folsom Road address). In addition, the form indicated that petitioner was still located at the Loma Vista address. When preparing the Form 2848, Mr. Foust did not check the applicable box on the form which would have directed the IRS to send notices and written communications respecting petitioner to Mr. Roscoe. The parties have stipulated that the Form 2848 was received at the IRS by May 27, 1986. After the IRS began an examination of petitioner's 1982 and 1983 tax returns, respondent sent to petitioner at the Loma Vista address a request to extend the limitations period to assess tax (IRS Form 872-A). On June 12, 1986, the IRS received petitioner's consent to the extension. Mr. Foust signed the Form 872-A as corporate officer of petitioner. He indicated no change in petitioner's Loma Vista address. Up until June 30, 1987, Mr. Foust operated his accounting practice and related businesses from the Loma Vista address. On July 1, 1987, the office building, accounting practice, and *708 each of Mr. Foust's related businesses were purchased by the accounting firm of Kimball & Berke, CPAs. Mr. Foust entered into a 12-month employment agreement with Kimball & Berke wherein he agreed to make himself available when needed to assist with the transition of clients. However, after July 1, 1987, Mr. Foust spent little time at the Loma Vista address. Mail addressed to Mr. Foust or to his former businesses continued to be delivered to the Loma Vista address after July 1, 1987. All incoming mail was received at a front counter by Kimball & Berke employees where it was sorted. If the address was Mr. Foust or one of his former businesses, the item of mail was to be placed in a specially designated cardboard box. No one employee was assigned the duty of handling mail; whoever was available when the mail arrived would perform the task. It was left to the person sorting the mail to determine what mail was for Mr. Foust and to put it in the cardboard box. Mr. or Mrs. Foust stopped in to pick up the mail from time to time. This procedure continued in effect through at least September 1989. The Fousts never requested Kimball & Berke to forward their mail. In fact, Kimball & *709 Berke did not have an address for either Mr. Foust or for petitioner during this period. As of July 1, 1987, Mr. and Mrs. Foust also established a new permanent residence at 202 Gold Hill Drive, Zephyr Cove, Nevada, (hereafter the Gold Hill address). They included this address on their 1987, 1988, and 1989 individual Federal income tax returns. During the *2072 ensuing 2 years, Mr. Foust was located at one of three places; he was at the Gold Hill address, the Loma Vista address, or at an undisclosed location in southern California. His whereabouts during this period was often unknown to employees of Kimball & Berke, Mr. Roscoe, and the IRS examining agent. The only address Mr. Roscoe had for Mr. Foust or petitioner was 2230 Loma Vista Drive, Sacramento, California. In late 1985, the IRS began an examination of petitioner's corporate Federal income tax returns. It also examined the individual returns of Mr. and Mrs. Foust. Because of the difficulty in locating Mr. Foust, the examining agent, as a practical matter, directed all discussions, inquiries, and correspondence regarding petitioner to Mr. Roscoe at the Folsom Road address. The examinations continued into 1989. *710 On April 18, 1989, Mr. Roscoe prepared and sent to the IRS a notice of termination of petitioner's consent to extend the time to assess tax (IRS Form 872-T). The form was signed by Mr. Roscoe as the taxpayer's representative and by Mr. Foust as its president. Significantly, petitioner's address was reflected on the Form 872-T as being the Loma Vista address. The IRS received this notice on May 1, 1989. The revenue agent concluded his examination, closed the case, and as was customary forwarded the file to the administration section of the Sacramento District Office of Internal Revenue. The agent, being unaware of any change in petitioner's address, noted no change in the file or on his closing document, and since the power-of-attorney (Form 2848) did not call for the mailing of notices to Mr. Roscoe's Folsom Road address, he made no note of that address either. The Loma Vista address from petitioner's most recently filed tax return continued to be the IRS address of record. On June 30, 1989, respondent timely sent to petitioner by certified mail two notices of deficiency in income tax, one covering tax years 1982 through 1984 and the other covering tax year 1985. Both notices *711 were mailed to the Loma Vista address only. On the same date respondent sent the Fousts a notice of deficiency regarding their personal income taxes. That notice was mailed to both the Loma Vista address and the Gold Hill address. The Fousts received the notice of deficiency respecting their individual income taxes and made a timely petition to this Court. However, Mr. Foust claims he did not receive the notices of deficiency addressed to petitioner at the Loma Vista address. Two Kimball & Berke employees, Ms. Lanzarone and Ms. Viramontes, accepted delivery of these notices. The post office delivery receipts are dated July 3, 1989. On behalf of petitioner, Mr. Foust filed a petition with this Court on March 23, 1990, some 266 days after respondent's mailing of the notices of deficiency. Section 6213(a) requires that the petition be filed within 90 days of the mailing of a valid notice of deficiency. Mr. Foust claims he became aware of the existence of the notices of deficiency about the time he filed the petition herein. For this Court to have jurisdiction, there must be both a valid notice of deficiency and a timely filed petition. ; *712 ; . There is no question here that if respondent's notice of deficiency is valid petitioner's petition is untimely. Respondent's notice of deficiency is valid if the mailing was by certified or registered mail and made to petitioner's "last known address." Sec. 6212(a) and (b)(1). Whether the notice of deficiency is actually received is immaterial so long as it was mailed to the "last known address." , affg. on other grounds ; , revg. and remanding a Memorandum Opinion of this Court; ; . The phrase "last known address" is not defined in the Code or in the Regulations. It has been judicially interpreted to mean "the taxpayer's last permanent address or legal residence known by the Commissioner, or the last known temporary address of a definite duration to which *713 the taxpayer has directed the Commissioner to send all communications during such period." . Important is the knowledge of the Commissioner at the time the notice of deficiency is mailed and not the actual address of the taxpayer. ; . We look to all the surrounding facts and circumstances in ascertaining whether respondent exercised reasonable care and diligence in determining the correct address. ; ; ; , affd. without published opinion . It is presumed that the address supplied by the taxpayer on the most recently filed return is the last known address unless the taxpayer has given clear and concise notification to the IRS of a different address. ; *714 ; ; . Petitioner's last return had the Loma Vista address. The burden is upon petitioner to show that the notice of deficiency was not sent to its last known address. ; , affd. without published opinion ; Rule 142(a). Petitioner contends that it did not receive the notices of deficiency until after the expiration of the limitations period (respondent had 90 days following receipt of the Form 872-T to properly mail the notice of deficiency). It avers that though mailed timely the notices are defective because they were not mailed to petitioner's last known address. Petitioner bases this argument on the contention that clear and concise notification of a change in its address was provided when Form 2848 was filed in May 1986 -- the new address being that of the designated attorney-in-fact, Mr. Roscoe. Petitioner therefore seeks *715 to have the notices of deficiency declared invalid and the case dismissed in its favor for lack of jurisdiction. We first say, parenthetically, that at the hearing much ado was made of the post-July 1, 1987, procedure for handling mail at the Loma Vista address. Both sides attempted to adduce facts in support of their respective positions that Mr. Foust did or did not actually receive the mailed notices of deficiency. As we observed, supra, actual receipt is irrelevant if the notices were mailed to petitioner's last known address. We have decided that the notices here in issue were so mailed. As a result, this factual inquiry is of no consequence, and we need not discuss it further. Section 6212(b)(1) provides: "In the absence of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax * * * if mailed to the taxpayer at his last known address, shall be sufficient * * * even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence." The Form 2848 filed by petitioner indicates no change in petitioner's address. In fact, it lists the *716 Loma Vista address as petitioner's address. Therefore, petitioner's claim that the filing of Form 2848 power of attorney was clear and concise notification of a change in address is groundless unless such filing constituted sufficient notice that Mr. Roscoe was in a fiduciary relationship within the meaning of section 6903. A person upon whom authority is conferred by a power of attorney is not in a fiduciary relationship. Secs. 6903, 7701(a)(6). Also see secs. 301.6903-1(d) and 301.7701-7, Proced. and Admin. Regs. Therefore, respondent was not required by section 6212(b) to mail the notice of deficiency to the attorney-in-fact named in Form 2848. We also observe that when completing the Form 2848 petitioner did not request by checking the box provided to have notices and other written communications sent to the designated attorney-in-fact. If petitioner desired to be notified through its appointed representative, it would have been a simple exercise to so request. Here we note that even if petitioner had so requested, respondent's failure to send the notices of deficiency to Mr. Roscoe would not have been fatal so long as they were mailed to petitioner's last known address. *717 ; ; . Petitioner next contends that the examining agent knew in advance of the mailing of the notices of deficiency of Mr. Foust's cessation of business at the Loma Vista address and also knew of the location of Mr. Foust's residence at the Gold Hill address. Because Mr. Foust was an officer and shareholder of petitioner and had been the previous contact with respondent regarding tax matters, petitioner maintains that respondent, through its revenue agent, had clear and concise notification of a change in petitioner's address or, in the alternative, did not act reasonably and diligently in determining petitioner's correct address. We find little merit in this argument. It is clear from the record that the whereabouts of Mr. Foust during the relevant period of time was frequently a mystery. To suggest that respondent has an affirmative duty to track down an elusive officer of a corporate taxpayer in order to serve notice of a tax deficiency is to mistake the law. Moreover, while there is evidence *718 that, prior to the mailing of the notice of deficiency, the examining agent inquired into and learned of Mr. Foust's possible residence at the Gold Hill address, that has nothing to do with the address of the corporate entity, petitioner herein. The taxpayer here is a corporation, an entity wholly separate from the individuals who serve as its officers and own its stock. This Court has previously held, with respect to a corporate taxpayer, that a notice of deficiency mailed to the last known address of the corporate entity is valid on the date mailed regardless of the fact that the only officer authorized to act on the taxpayer's behalf is located elsewhere at the time. . We have also held that mailing the notice of deficiency *2074 to the last known address of only the corporate entity is sufficient even where respondent had reason to know that the sole officer, director, and shareholder of the taxpayer resided elsewhere. . We further observe that on May 1, 1989, only 60 days prior to the mailing of the notices *719 of deficiency, respondent received the Form 872-T terminating the extension of time to assess tax. On that form, which is dated April 18, 1989, the Loma Vista address was again represented to be petitioner's address. Petitioner has not pointed to any document wherein it notified respondent of any address other than the Loma Vista address. Petitioner failed not only to give clear and concise notification, but failed to give any notification whatsoever of a change in its address. Indeed, on May 19, 1986, (the power of attorney) on June 12, 1986, (the consent form) and on April 18, 1989, (the termination of consent) petitioner indicated its last known address was 2230 Loma Vista Drive, Sacramento, California, the address shown on the notices of deficiency. Respondent mailed the notices to petitioner's last known address. We find no evidence supporting the contention that respondent used less than reasonable care and diligence in determining petitioner's correct address. To reflect the foregoing, Respondent's motion to dismiss will be granted. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩